The Honorable Stuart Vess State Representative 6717 Pontiac Drive North Little Rock, Arkansas 72116
Dear Representative Vess:
This is in response to your request for an opinion on the following two questions:
 1. Are the resumes of finalists for a city manager position a matter of public record?
 2. Does a city board of directors have the right to interview candidates in a private session for vacant positions on the board?
Please note in response to your first question that I have enclosed a copy of Op. Att'y Gen. 95-291 which concludes that the answer to this question is generally "yes."
The answer to your second question is a little unclear under the "Arkansas Freedom of Information Act" or "FOIA," codified at A.C.A. §§25-19-101 to -107 (1987 and Supp. 1995). The act provides, as regards executive sessions, that:
 (c)(1) Executive sessions will be permitted only for the purpose of considering employment, appointment, promotion, demotion, disciplining, or resignation of any public officer or employee.
 (2)(A) Only the person holding the top administrative position in the public agency, department or office involved, the immediate supervisor of the employee involved, and the employee may be present at the executive session when so required by the governing body, board, commission or other public body holding the executive session.
There is also a provision in that act, however, which provides that: "Any person being interviewed for the top administrative position in the public agency, department, or office involved may be present at the executive session when so requested by the governing board, commission, or other public body holding the executive session." A.C.A. § 25-19-106(c)(2)(B). Thus, it has been held that applicants for the "Commissioner of Correction" may be interviewed in executive session of the Board of Correction (Op. Att'y Gen. 76-141) and that the a county quorum court may interview possible appointees to fill a vacancy in the office of county judge (Op. Att'y Gen. 79-140). Each of the foregoing opinions involved interviews of candidates for the "top administrative position" in the agency, and thus the presence of an interviewee in the executive session was clearly permissible under § 25-19-106(c)(2)(B) above.
Your question, however, involves a city board interviewing candidates to fill other vacant positions on the city board. It does not appear that city board members hold the "top administrative position" in the city, such that A.C.A. § 25-19-106(c)(2)(B) would clearly authorize their inclusion in an executive session. Clearly, such directors hold the "supreme legislative and executive" positions in a city with the city manager form of government (see A.C.A. § 14-47-109(a)(2) (Supp. 1995)), but the language of the FOIA is unclear on whether the presence of an applicant for such a position is authorized in an executive session. The language of the FOIA on this point would appear to refer, rather, to an interview of a city manager, who holds the "top administrative position" in such city. The issue is not clearly resolved by the FOIA. Seegenerally, Watkins, The Arkansas Freedom of Information Act, (2d ed. m m Press 1994) at 241, 242, and 248. There is apparently no judicial precedent on the question, and I am reluctant to conclude definitively without such precedent that interviews of potential city board members may be conducted in executive session. While the distinction between the treatment of interviews of the city manager as opposed to city board members may seem unfounded, the language of the act does appear to make that distinction. In sum, in the absence of a judicial ruling to the contrary, I must conclude that a candidate to fill a vacancy on the city board may not be interviewed in executive session.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh